IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLIANNE RICCO,** *et al.,*<br>*Plaintiffs* | CIVIL ACTION |
| v. | |
| **BOBBY GOSTON,** *et al.,*<br>*Defendants* | No. 20-1943 |

## MEMORANDUM

PRATTER, J.                                                                                                                 JULY 6th, 2020

### INTRODUCTION

This litigation arises out of a vehicle accident on I-95 in Philadelphia. Defendant Bobby Goston, working as an employee of Defendant Royal Trucking Company, was driving a tractor trailer owned by the company northbound on I-95.[1] Plaintiff Kellianne Ricco was driving another automobile, traveling southbound on the same roadway. Ms. Ricco alleges Mr. Goston lost control of his vehicle and struck several concrete barriers. After thrashing the center concrete barrier that separates the north and southbound lanes of traffic, one of the concrete pieces hit Ms. Ricco's car on the front driver's side. The collision was of such force that the impact caused the front driver and passenger airbags to deploy and disable the vehicle. Plaintiff Hans Araya Araya, Ms. Ricco's husband, was seated in the front passenger seat of the car at the time of the accident.

Plaintiffs allege they have suffered serious bodily injuries. As a result, this litigation ensued first in the Philadelphia Court of Common Pleas, in which Plaintiffs alleged negligence, loss of

---

[1] According to the complaint, Royal Trucking is a mid-sized truck load carrier that provides service in the United States and Canada. Compl., ¶ 3.

1

consortium, and sought punitive damages. Defendants removed the case to this Court. Plaintiffs seek remand, and Royal Trucking has filed an opposition.

The basis of Plaintiffs' motion is straight-forward. Ms. Ricco claims she is a United States citizen who resides and is domiciled in Costa Rica. For this reason, she is a "stateless" party, which destroys diversity of citizenship. For the reasons that follow, the Court agrees and remands the case.

### LEGAL STANDARD

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S. 1085 (1991). "[R]emoval statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" *Id.* (citations omitted). Here, the contest lies in whether removing Defendants can prove subject matter jurisdiction on the basis of diversity of citizenship. More specifically, the parties dispute the domicile of Ms. Ricco.[2] While Ms. Ricco contends she is domiciled in Costa Rica, Royal Trucking argues she is not and apparently is domiciled in New Jersey.

"An American citizen living abroad is not domiciled in, nor a citizen of, any State and is therefore stateless, precluding diversity jurisdiction." *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) (citing 28 U.S.C. § 1332(a)). Such an individual cannot sue or be sued in federal court. *Id.* ("The Supreme Court, interpreting § 1332(a), has concluded that American citizens who are domiciled abroad do not satisfy any of the enumerated categories required for a federal court's exercise of diversity jurisdiction.") (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828–29 (1989)). "In order to be a citizen of a State within the meaning of the diversity statute,

---

[2] For purposes of diversity of citizenship. the parties do not dispute the amount-in-controversy requirement and that both of the defendants are citizens of Mississippi and Mr. Araya is a citizen of Costa Rica.

2

a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman–Green, Inc.*, 490 at 828.

Our circuit court has also noted that "[f]or the purposes of diversity jurisdiction . . . "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). The appellate court has also outlined several factors that may be considered in determining an individual's domicile. *See id.* (considering declarations, exercise of political rights, payment of personal taxes, house of residence, place of business, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration) (citations omitted).

Domicile "can change instantly. To do so, two things are required: '[a litigant] must take up residence at the new domicile, and [s]he must intend to remain there.'" *Id.* "But '[a] domicile once acquired is presumed to continue until it is shown to have been changed.'" *Id.* (citing *Mitchell v. United States,* 88 U.S. 350, 353 (1874); *Korn v. Korn,* 398 F.2d 689, 691 n. 4 (3d Cir. 1968)). "This principle gives rise to a presumption favoring an established domicile over a new one." *Id.* at 287. Royal Trucking will meet its burden of persuasion by proving diversity of citizenship by a preponderance of the evidence. *Freidrich*, 767 F.3d at 377.

## DISCUSSION

### I. The parties' respective burdens.

Royal Trucking argues "[a]lthough the party asserting federal jurisdiction bears the burden of proving it, the presumption of domicile shifts the burden to the party opposing jurisdiction. The

3

party asserting the change bears the burden of proof. The burden to show a change in domicile is heavier than the one to show a continuing domicile." Def.'s Memorandum of Law, p. 3.

"Under Fed. R. Evid. 301, a presumption in a civil case imposes the burden of production on the party against whom it is directed, but does not shift the burden of persuasion." *McCann*, 458 F.3d at 287. The Third Circuit applies the ThayerWigmore "bursting bubble" theory to presumptive tests. *Id.* at 288. "Under this theory, 'the introduction of evidence to rebut a presumption destroys that presumption, leaving only that evidence and its inferences to be judged against the competing evidence and its inferences to determine the ultimate question at issue.'" *Id.* That is, once the burden of production to rebut a presumed fact is met, the presumption evaporates from the case. *Id.* As applied to rebutting the presumption of a continued domicile, Ms. Ricco must introduce evidence of a change in domicile, but at no time does the burden of persuasion shift. That burden remains with the proponent of federal jurisdiction, in this case Royal Trucking, at all times.

## II.     Ms. Ricco has met her burden of production.

Royal Trucking contends that Ms. Ricco has not demonstrated her burden of a changed domicile from New Jersey, where she lived prior to moving to Costa Rica in 2011. *See* Ricco Aff., Ex. D, Pl.'s Mot. The Court disagrees. By way of affidavit, Ms. Ricco supports her contention that she is domiciled in Costa Rica. She represents that while she visits the United States periodically, approximately once a year, a few weeks at a time to see family and friends, she moved to Costa Rica in 2011 for employment as a fitness instructor, and she has lived and worked there since with no intention of returning permanently to the United States. In 2013, she married Mr. Araya, who has been at all times a Costa Rican citizen, and who has never resided in the United States. He also maintains a business in that country. Both of their children were born in Costa

4

Rica, and are dual citizens of both the United States and that country. She claims her and her family all reside in Costa Rica presently.

Ms. Ricco also holds a Costa Rican identification card, which she claims is the equivalent of a social security number, and has attached a copy of that identification card to her motion. The identification card states "REPUBLICA DE COSTA RICA RESIDENTE TEMPORAL COND RESTRINGIDA." She also maintains a bank account in that country, and asserts that all her treatment related to the accident has taken place in Costa Rica. She also recently started a business in Costa Rica. At the time of the accident, Ms. Ricco was visiting her parents who reside in New Jersey, to introduce them to her son for the first time. She contends she only maintains a New Jersey driver's license listed at her parents' address and a U.S. bank account allegedly for her visits to the United States. Ms. Ricco has met her burden of proof to rebut a presumed domicile in New Jersey. The Court next turns to whether Royal Trucking has met its burden of persuasion that there is diversity of citizenship here.

### III. Royal Trucking has failed to prove by a preponderance of the evidence that the Court has subject matter jurisdiction.

As noted, the dispute lies in whether Royal Trucking can prove Ms. Ricco is not domiciled in Costa Rica. It cannot. In support of its position, Royal Trucking contends that an internet search demonstrates Ms. Ricco resides in New Jersey. It seeks to prove this search by producing a document that it purports is reflective of a search of Ms. Ricco's recent addresses on a website called "smartbackgroundchecks.com." The document submitted states a Kellianne Ricco currently lives in Riverton, New Jersey, and that such person has lived there for approximately one year. However, Royal Trucking provides no evidence or argument indicating the reliability of this website or the specific search it conducted. On the present record, there is no way for the Court to

5

determine if the Kellianne Ricco searched is the one who has sued in this litigation. This search, as presented, cannot meet Defendant's burden.

Defendant's other representations are equally unavailing. For example, Royal Trucking claims Plaintiff's affidavit demonstrates she is not domiciled in Costa Rica because in it she states "she does not intend to live in the United States 'at this time,' which suggests that she intends to return" to the United States eventually. *See* Def.'s Opp'n, p. 3, ¶ 12. Such a representation is at best a mischaracterization of Plaintiff's affidavit, and at least, a misplaced focus on semantics.

Royal Trucking also claims that Ms. Ricco's purported Costa Rican identification card will expire this year, if not already, which begs the question of where she will reside in the future. Defendant also takes issue with the fact that Ms. Ricco's identification card was issued in 2018, although she began living in Costa Rica in 2011. By contrast, according to Defendant, Ms. Ricco's New Jersey license will expire in 2022. And because she renewed her license in New Jersey in 2018, somehow this evinces that she intends to stay in the United States. However, even Royal Trucking admits that New Jersey law requires license renewal for a period of four years; thus, if she renewed in 2018, she had no choice as to the expiration date in 2022. Moreover, Ms. Ricco's affidavit states she keeps a U.S. driver's license for her visits to the United States. Royal Trucking has not demonstrated the import of the identification card's issuance date and expiry (again with no proof that Ms. Ricco has not renewed), in light of the other factors favoring domicile in Costa Rica. The Court finds the "temporariness" of the purported identification card is not dispositive. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("[T]he court must locate 'the center of one's business, domestic, social and civic life.'")

Finally, the parties contend that the circuit court's decision in *Freidrich* supports each of their respective positions. Initially, the Court notes that the determination made today is a highly

fact-driven decision, and one that requires individual attention to the particular circumstances that arise in each case. *See Washington, supra*, 652 F.3d at 347 ("[W]hile it is generally useful to analogize fact patterns of other cases and base rulings on outcomes in similar cases, it may not be quite so useful in this type of case, where the facts presented can vary so slightly, and yet the slightest variation leads to a different result.") Notwithstanding, after a review of the *Freidrich* decision, the Court finds the decision better supports Ms. Ricco's arguments. There, the appellate court affirmed the district court's dismissal for lack of diversity of citizenship where the plaintiff was a citizen of the United States but domiciled elsewhere. In finding the plaintiff was domiciled in a different country, the district court determined plaintiff had rebutted the presumption of continuing domicile despite having some ties to Pennsylvania, including some bank accounts and a Pennsylvania driver's license, in part because he had declared his intent to remain in Germany, filed his tax returns in both the United States and Germany, and his home, business and family were all located in the foreign country. *Freidrich, supra*, 767 F.3d at 377-39. With the presumption destroyed, the defendant had failed to meet her burden on a preponderance of the evidence where she had relied solely on the plaintiff's absentee ballot request form where the plaintiff had marked "I am a U.S. citizen residing outside the U.S., and I intend to return." *Id.* at 377. In light of the other evidence presented to the court, objective evidence that was based on more than mere statements of plaintiff's intent to remain, the appellate court would not disturb the finding that plaintiff's domicile was in Germany, and plaintiff was "stateless." Here too, the objective evidence, in addition to Ms. Ricco's certification of intent to remain in Costa Rica, outweighs Defendant's purported evidence, either each proffered alone, or as a whole, which requires more speculation or imaginative conjecture than it does fact-driven analysis. Such evidence can hardly assist the defendant to meet its burden of persuasion.

7

## CONCLUSION

The Court credits Ms. Ricco's factual presentations, and Royal Trucking has failed to persuade, as it must, that Ms. Ricco is not domiciled in Costa Rica, and is domiciled in the United States. The Court finds that she is "stateless" for purposes of diversity of citizenship. Because there is no other basis for this Court to exercise federal jurisdiction, the Court remands the case.

BY THE COURT:

*/s/ Gene E.K. Pratter*
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**